# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHIRLEY BELCHER,**

    **Petitioner,**

                                  **CIVIL ACTION NO. 1:05CV50**
                                  **(Judge Keeley)**

**v.**

**JAMES IELAPI, Warden**

    **Respondent.**

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING THIS CIVIL ACTION

This case was referred to United States Magistrate Judge John S. Kaull, for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5). After reviewing the petition filed pursuant to 28 U.S.C. §2254, Magistrate Judge Kaull filed a Report and Recommendation on September 16, 2005. On September 29, 2005, the petitioner timely filed her objections to the Magistrate Judge's Report and Recommendations.

The Court has reviewed the record before it and has conducted a *de novo* review of all matters before the Magistrate in considering the petition. It appears to the Court that the recommendation of the Magistrate Judge to dismiss the petition as untimely, accurately reflects the law applicable to the facts and circumstances before the Court in this present situation.

**BELCHER V. IELAPI**                                                      **1:05CV50**

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING THIS CIVIL ACTION

### I. Factual Background

In order to calculate whether Belcher's petition should be dismissed for failure to file within the applicable period of limitation, the following procedural history is relevant:

- On August 28, 1998, Belcher was convicted in the Circuit Court of Fayette County of thirty-one counts of possession of a controlled substance by misrepresentation.

- On September 28, 1998, the Circuit Court of Fayette County sentenced the petitioner to 15 concurrent 1 to 4-month terms and 16 consecutive 1 to 4-month terms as a result of the defendant being convicted of 31 counts of obtaining possession of a controlled substance by misrepresentation.

- On April 9, 1999, Belcher filed a direct appeal of her sentence to the Supreme Court of Appeals of West Virginia.

- On June 15, 1999, West Virginia Supreme Court of Appeals refused the appeal.

- On September 13, 1999, the 90 days elapsed in which the petitioner could file a writ of certiorari to appeal the Supreme Court of Appeals of West Virginia's refusal to hear the appeal that she filed in April of 1999.

- On August 2, 2000, the petitioner filed a state petition for writ of habeas corpus.

- On February 26, 2004, the Supreme Court of Appeals of West Virginia denied Belcher's state petition for writ of habeas corpus.

- On July 21, 2004, the Belcher appealed the denial of her state petition for a writ of habeas corpus filed with the Supreme Court of Appeals of West Virginia.

- On October 22, 2004, the Supreme Court of Appeals of West Virginia refused Belcher's petition for appeal on the denial of her state petition for a writ of habeas corpus.

- On October 24, 2004, the Petitioner filed a Rule 35(b) Motion for Reconsideration in the Circuit Court of Fayette County, West Virginia.

- On March 17, 2005, Petitioner filed her federal petition for a writ of habeas corpus.

## II. DISCUSSION

The issue before the Court is whether the petitioner's federal habeas petition is barred by the one-year statute of limitations set forth in 28 U.S.C. §2244(d)(1). If the petition is barred by the statute of limitations, the Court need not address the substantive issues raised in the petitioner's Writ of Habeas Corpus.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. 2244(d), provides the following:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

>    the United States is removed, if the applicant was prevented from filing any such State action;
>        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AEDPA does not apply to cases that were pending on AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Thus, it applies to habeas cases only when those cases have been filed after the date of the Act. Id. at 327. AEDPA applies to the present case because Belcher's federal habeas petition was filed in September of 2005.

Petitioner Belcher does not attempt to show any impediment by the government that would have prevented her from filing her petition at an earlier date, and Belcher's claims are based on facts that would have been known to her at the conclusion of her sentencing in September of 1998. Furthermore, her claims do not

involve any right newly-recognized by the Supreme Court. Therefore, the date on which the petitioner's conviction became final is established pursuant to subsection (A) of section 2244(d)(1).

The Fourth Circuit Court of Appeals has provided guidance on the applicability of the AEDPA's one year period of limitations to federal habeas petitions in Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). In Harris, the circuit court held that "the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court." Id. at 327. Simply, the one-year limitations period is tolled during the pendency of a collateral review of a judgment of conviction by the state court.

Furthermore, the Fourth Circuit has recognized that the time for seeking direct review of a state court conviction concludes when either the period for filing a writ of certiorari in the United States Supreme Court expires or such writ is denied by the United States Supreme Court. Id. at 328. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so – 90 days – has elapsed Id. at 328 n.1.

Belcher's claims are untimely under section 2244(d)(1). Magistrate Judge Kaull did not err in concluding that the

petitioner's judgment became final on September 13, 1999, 90 days from the West Virginia Supreme Court's refusal of her direct appeal. The limitations period ran for 323 days, from September 13, 1999 until August 2, 2000 when the petitioner filed her state habeas petition. The statute of limitations was tolled while Belcher's state habeas petition was pending before the Supreme Court of Appeals of West Virginia, but began to run again on October 22, 2004 when the court refused Belcher's petition for writ of habeas corpus. The one-year statute of limitations set forth in section 2244(d)(1) expired on November 24, 2004.

In the petitioner's response to Magistrate Judge Kaull's report and recommendation, Belcher states that on October 25, 2004, she filed a motion for reconsideration pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure and that such motion is still pending. The petitioner contends that her Rule 35(b) motion for reconsideration has tolled the one-year statute of limitations for her federal habeas petition. The petitioner asserts that her federal petition for a writ of habeas corpus is timely because the one-year limitations period is tolled until the resolution of her Rule 35 motion for reconsideration.

In <u>Walkowiak v. Haines</u>, 272 F.3d 234, 237-239 (4th Cir. 2001), the circuit court affirmed this Court's opinion that a Rule 35(b)

motion does not involve the collateral review required for the tolling of the statute of limitations. A motion for correction or reduction of a sentence under Rule 35 of the West Virginia Rules of Criminal Procedure is recognized as part of the original proceeding in which the defendant was sentenced and not a collateral proceeding. Id. Collateral review as recognized by §2244(d)(2) to toll the statute of limitations requires a separate and distinct proceeding. Id. Here, Belcher simply returned to the same court to plead for mercy before the same state court judge that sentenced her in September of 1998. It is solely within the state judge's discretion to modify Belcher's sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. Id. Therefore, the petitioner's Rule 35 motion for correction or reduction of sentence under West Virginia law is not an application for "state post-conviction or other collateral review" which tolls the one-year limitations period applicable to federal habeas corpus petition during the pendency of such motion. The petitioner's one-year limitations period ran on November 24, 2004, thus her March 17, 2005 federal habeas petition is untimely.

### III. CONCLUSION

In short, Belcher's § 2254 petition is untimely and cannot be salvaged by equitable tolling principles. Accordingly, the Court

**BELCHER V. IELAPI**                                                    **1:05CV50**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION AND DISMISSING THIS CIVIL ACTION**

**ADOPTS** the Report and Recommendation in its entirety and **DENIES**

**WITH PREJUDICE** Belcher's petition.

It is so **ORDERED**.

The Clerk is directed to transmit certified copies of this

Order to the petitioner and counsel of record.

DATED: October __18__, 2005

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE